IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARTIN L. SMITH,<br><br>      Plaintiff,<br>v.<br><br>WRIGHT MEDICAL GROUP, INC., a Delaware Corporation, and WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation,<br>      Defendants. | **MEMORANDUM DECISION AND ORDER TAKING DEFENDANT'S MOTION TO DISMISS UNDER ADVISEMENT**<br><br>Case No. 2:15-cv-00140-DN<br><br>District Judge David Nuffer |

Defendant Wright Medical Group, Inc. ("WMG") filed this motion to dismiss ("Motion")[1] in response to Plaintiff's complaint. WMG alleges that dismissal is warranted because of lack of personal jurisdiction.[2] Plaintiff, Martin L. Smith, opposes the Motion.[3]  As discussed below, Mr. Smith has raised sufficient factual questions concerning the relationship between WMG and Wright Medical Technology ("WMT"). Therefore, the Motion is TAKEN UNDER ADVISEMENT.

## FACTUAL BACKGROUND

The Complaint alleges, among other things, that WMG is a Delaware corporation with its principal place of business in Arlington, Tennessee;[4] that WMT is a subsidiary of WMG and is

---

[1] Defendant Wright Medical Group's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion"), docket no. 25, filed May 13, 2015.

[2] *Id.* at 1.

[3] Plaintiff's Response to Defendant Wright Medical Group's Motion to Dismiss for Lack of Personal Jurisdiction ("Opposition Memorandum"), docket no. 27, filed June 12, 2015.

[4] Complaint and Jury Demand ("Complaint") ¶ 2, docket no.1, filed March 3, 2015.

also a Delaware corporation with its principal place of business in Arlington, Tennessee;[5] and that WMT is registered to do business in Utah.[6]

The Complaint further alleges that Mr. Smith suffered injuries after undergoing hip surgery on January, 9, 2006 at Intermountain LDS Hospital in Salt Lake City, Utah.[7] Mr. Smith alleges that a Wright Medical PROFEMUR® hip device was implanted in his right hip by an orthopedic surgeon at Intermountain LDS Hospital.[8] Mr. Smith alleges that in 2013, the PROFEMUR® hip device implant failed, broke into two pieces inside his body, and had to be surgically removed.[9] Mr. Smith alleges that he suffered severe physical injuries to his hip and pelvis as a result of the device's failure.[10]

Mr. Smith advances several causes of action against WMG and WMT, including strict products liability,[11] negligence,[12] breach of express warranty,[13] breach of implied warranty,[14] and negligent misrepresentation.[15] He alleges that both WMG and WMT were negligent with regard to the design, manufacture, distribution, and marketing of the PROFEMUR® hip

---

[5] Complaint ¶ 3-4. Declaration of James Lightman ¶ 4, attached as Exhibit A to Motion to Dismiss, docket no. 25-1, filed May 13, 2015.

[6] Complaint ¶¶ 3–4.

[7] *Id*. ¶ 97.

[8] *Id*. ¶ 97.

[9] *Id*. ¶¶ 102–103.

[10] *Id.* ¶ 167.

[11] *Id*. ¶¶ 168–185.

[12] *Id*. ¶¶ 186–193.

[13] *Id*. ¶¶ 194–204.

[14] *Id*. ¶¶ 205–211.

[15] *Id*. ¶¶ 212–220.

device.[16] Mr. Smith ultimately alleges Defendant's negligent omissions were the direct and proximate cause of his injuries.[17]

In response to the Complaint, WMG filed the Motion. WMG argues that "the exercise of personal jurisdiction over WMG in the State of Utah would violate due process principles" because WMG, the parent company of WMT, "has not conducted any activities in Utah," and "transacts no business, employs no persons, maintains no offices, and owns no real property in the State of Utah."[18] Mr. Smith opposes WMG's Motion.

## DISCUSSION

"[W]hen the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists."[19] "In the preliminary stages of litigation, however, the plaintiff's burden is light."[20] When a motion to dismiss is decided on the basis of affidavits and other written material, courts must take as true all the allegations in the plaintiff's complaint only to the extent they are uncontroverted by the defendant's affidavit.[21] "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor . . . ."[22] "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[23]

---

[16] *Id*. ¶ 188.

[17] *See, e.g., id.* ¶ 192.

[18] Motion at 9 (citing Lightman Affidavit ¶ 6).

[19] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[20] *Id.* at 1505 (quoting *Doe v. National Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)).

[21] *Wenz*, 55 F.3d at 1505.

[22] *Id.*

[23] *Id.*

In the present case, WMG does not dispute that jurisdiction may be exercised over WMT,[24] but argues that since "WMG is a Delaware holding company," and "has no employees, offices, or real property in the State of Utah," jurisdiction may not be exercised over WMG.[25] Mr. Smith, on the other hand, contends that WMG's SEC filings and a variety of press releases establish WMG's involvement over the design, manufacture, and marketing of the PROFEMUR® hip device, and therefore, personal jurisdiction exists over WMG in Utah.[26] While "a court may not *automatically* exercise jurisdiction over a parent corporation merely because such jurisdiction may be exercised over the parent's subsidiary[,]"[27] the press releases and SEC filings create issues of fact concerning the question of whether WMG exercised the requisite degree of "control" over WMT to allow the exercise of personal jurisdiction over WMG.[28] Specifically, there is a question regarding the identity, function, and relationship between WMG and WMT. The Court finds that further discovery must be conducted before it resolves these jurisdictional issues. Therefore, WMG's Motion is TAKEN UNDER ADVISEMENT until the parties conduct discovery regarding the relationship between WMG and WMT.

---

[24] Defendant Wright Medical Group's Reply in Support of its Motion to Dismiss for Lack of Personal Jurisdiction ("Reply") at 10, docket no. 28, filed June 24, 2015.

[25] Motion to Dismiss at 2.

[26] Opposition Memorandum at 8–9.

[27] *Morrow v. Calico Resources Corp.*, Case No. 14-cv-03348-MEH, 2015 WL 535342 at *4 (D.Colo. Feb. 9, 2015) (unpublished) (emphasis in original).

[28] *Pro Axess, Inc. v. Orlux Distribution, Inc.* 428 F.3d 1270, 1278 (10th Cir. 2005) ("Companies conducting business through their subsidiaries can qualify as transacting business in a state [for purposes of specific personal jurisdiction], provided the parent exercises sufficient control over the subsidiary.").

**ORDER**

IT IS HEREBY ORDERED that this Motion[29] is TAKEN UNDER ADVISEMENT.

IT IS FURTHER ORDERED that the parties shall meet and confer, and on or before October 5, 2015, file an attorneys' planning meeting report and submit a proposed scheduling order as outlined at http://www.utd.uscourts.gov/documents/ipt.html.

IT IS FURTHER ORDERED that jurisdictional discovery regarding the relationship of WMG and WMT and the involvement of WMG in the manufacture and marketing of the Wright Medical PROFEMUR® hip device is now permitted.

- On or before October 5, 2015 Defendants shall make disclosures as described in Fed. R. Civ. P. 26(a)(1)(A)(i) and (ii) on those subjects.

- Written discovery requests and notices of deposition on these subjects may issue without further delay.

- This discovery may occur simultaneously with other discovery.

- If a notice of deposition under Fed. R. Civ. P. 30(b)(6) is noticed on these subjects only, that deposition shall not prevent further deposition of a witness under that rule on other subjects.

---

[29] Defendant Wright Medical Group's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion"), docket no. 25, filed May 13, 2015.

IT IS FURTHER ORDERED that Plaintiff may file a supplementary opposition to the Motion on or before December 18, 2015. Defendant WMG may file a supplementary reply on or before December 30, 2015.

Dated September 21, 2015.

BY THE COURT:

David Nuffer
United States District Judge